UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HARDHAT ENTERPRISES, LLC, a Nevada limited-liability company,<br><br>      Plaintiff,<br><br>  vs.<br><br>ALABRUJ LIMITED PARTNERSHIP, a Nevada limited partnership; SPEEDWAY HOSPITALITY DEVELOPMENT II, LLC, a Nevada limited-liability company; THOMAS JURBALA, an individual; ASHLAND ST. ROSE, LLC, a Nevada limited-liability company; BOILERMAKER LIMITED PARTNERSHIP, a Nevada limited partnership; HERMOSA VISTAS, LLC, a Nevada limited-liability company; JONES ESTATES DEVELOPMENT, LLC, a Nevada limited-liability company; RED VISTAS DEVELOPMENT, LLC, a Nevada limited-liability company; SANTA FE VILLAS, LLC, a Nevada limited-liability company; SHARPSTOWN MALL NEVADA LLC, a Nevada limited-liability company; SOUTH BAY VILLAS, LLC, a Nevada limited-liability company; SPEEDWAY HOSPITALITY DEVELOPMENT LLC, a Nevada limited-liability company; MAZMEL, LLC, a Nevada limited-liability company; ROBINDALE VILLAS, LLC, a Nevada limited-liability company; DOES 1 through 20 and ROE CORPORATIONS 1 through 20, inclusive,<br><br>      Defendants.<br>_____<br>HARDHAT ENTERPRISES, LLC, a Nevada limited-liability company, individually and as a member of Speedway Hospitality Development II, LLC, a Nevada limited-liability company,<br><br>      Plaintiff,<br><br>  vs. | Case No.: 2:09-cv-00099-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Attorney's Fees and Costs–#50) |

| | |
|---|---|
| 1 | SILVER STATE BANCORP, a Nevada corporation; FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILVER STATE BANK, a Nevada corporation; COREY L. JOHNSON, an individual, DOES 1 through 50 and ROE CORPORATIONS 1 through 50, inclusive; ROE BANK DIRECTORS 1 through 15; ROE BANK OFFICERS 1 through 15; and ROE BANK EMPLOYEES 1 through 15, inclusive, |
| | Defendants. |

Before the Court is Defendants' **Motion for Attorney's Fees and Costs** (#50), filed December 18, 2009. Plaintiff Hardhat Enterprises, LLC ("Hardhat") did not file an opposition to this motion.

**BACKGROUND**

The Court will not detail the facts of this case because at this stage in the litigation both the parties and the Court are familiar with them. For the purposes of this Order, the Court notes that Plaintiff Hardhat, which holds a 40% interest in Speedway Hospitality Development II, LLC ("Speedway"), originally filed suit against Defendants alleging they wrongfully obtained a large loan from the now-defunct Silver State Bank in the name of Speedway. Before agreeing to make the loan, Silver State Bank apparently required that Speedway's loan payments be applied to a number of outstanding personal loans taken out by Defendant Thomas Jurbala, a member of Speedway, so that he did not default on these loans. When processing the necessary paperwork for the Speedway loan, Jurbala did not include Hardhat as one of the members of the LLC; instead, he listed only the members who were in favor of obtaining the loan. Nonetheless, and despite Hardhat's objections, Jurbala's decision to obtain the loan on behalf of Speedway was proper because a majority of Speedway's members approved of the loan.

On December 15, 2009, the Court granted Defendants' motion for summary judgment for three reasons. First, Hardhat never opposed the motion. Second, Hardhat never responded to Defendants' requests for admissions, thereby admitting a number of important facts

2

in Defendants' favor.  Third, Defendants brought forth evidence indicating that the majority of Speedway's members approved the decision to obtain the loan from Silver State Bank. Defendants now ask the Court for attorney's fees and costs incurred as a result of defending this lawsuit.  For the reasons discussed below, the Court denies Defendants' Motion.

**DISCUSSION**

Defendants allege they are entitled to recover attorney's fees for two reasons.  First, they claim the Speedway Operating Agreement allows them to recover attorney's fees in this case. The operating agreement states in relevant part:

> The doing of any act or the failure to do any act by the manager which does not constitute fraud or wrongful misconduct . . . shall not subject a manager, its partner, affiliates, officers, directors, [or] employees . . . to any liability. . . . The company will indemnify and hold harmless [such individuals] from [any] claim, loss, expense, liability, action, or damage resulting from or relating to any such act or omission, including without limitation reasonable fees and expenses of attorneys.

(Dkt. #5, Mot. Ex. 1.)

After reviewing the operating agreement in light of the facts of this case, the Court finds the agreement does not entitle Defendants to recover attorney's fees.  The Court is aware that under the operating agreement, Speedway will, in certain instances, indemnify its managers and officers from attorney's fees and costs incurred in defending lawsuits.  But this is not the situation currently before the Court.  Here, Defendants are not asking Speedway to indemnify them, they are asking the Court to order Hardhat to reimburse them for attorney's fees incurred from this lawsuit. Although Hardhat owns 40% of Speedway, the agreement clearly indicates that Speedway, not its members, is responsible for any indemnification relating to legal expenses. Therefore, even if Defendants are entitled to indemnification under the contract (an issue the Court does reach in this Order), they must seek reimbursement of attorney's fees directly from Speedway.

Second, Defendants allege they are entitled to recover attorney's fees because Hardhat brought suit against them in bad faith.  NRS 18.010(2)(b) permits courts to award attorney's fees to the prevailing party when a claim is "brought without reasonable grounds or to

3

1  harass the prevailing party." *See also United Ins. Co. of Am. v. Chapman Indus.*, 100 P.3d 664,
2  666–67 (Nev. 2004). A groundless claim is one that is not well grounded in fact and warranted by
3  existing law or that is brought without a good faith argument for the extension, modification, or
4  reversal of existing law. *Simonian v. Univ. & Cmty. Coll. Sys.*, 128 P.3d 1057, 1063–65 (Nev.
5  2006). To support an award of attorney's fees on these grounds, "there must be evidence in the
6  record" indicating the plaintiff filed suit in violation of NRS 18.010(2)(b). *Kahn v. Morse &
7  Mowbray*, 117 P.3d 227, 238 (Nev. 2005).

8        Defendants allege Hardhat's lawsuit was baseless because Hardhat filed suit only
9  to prevent Defendants from "doing anything" with the property owned by Speedway. (Dkt. #50,
10 Mot. 6.) In support of this assertion, Defendants point out that Hardhat did not respond to their
11 request for admissions or find new counsel after its first attorneys withdrew from representation.
12 Defendants further point out that this Court previously indicated it was not convinced that
13 Defendants made any fraudulent representations to Hardhat or that Jurbala acted unreasonably
14 when obtaining the loan from Silver State. (Dkt. #50, Mot. Ex. 3.)

15       The Court disagrees with Defendants. Just because the Court found in favor of
16 Defendants and determined that Hardhat's claims did not survive summary judgment does not
17 mean Hardhat brought suit in bad faith. In asking for attorney's fees, Defendants have done little
18 more than simply point to the reasons the Court granted summary judgment in its favor. The
19 Court declines to grant Defendants' motion for attorney's fees based solely on these assertions.

20       Furthermore, the Court finds Hardhat did not file a groundless or baseless lawsuit
21 against Defendants. Hardhat presented evidence indicating that prior to giving the loan to
22 Speedway, Silver State required Jurbala to agree that payments from the Speedway loan would be
23 applied to other loans he had with the bank. The Court concludes that Hardhat's belief that
24 Jurbala engaged in self-dealing by coming to this agreement with Silver State was not groundless
25 or in bad faith. Perhaps more important, however, is the undisputed fact that Jurbala never
26 disclosed to Silver State that a 40% owner of Speedway opposed the loan. Thus, although Jurbala

4

received approval from the majority of Speedway members to obtain the loan, his decision not to inform Silver State that Hardhat was a Speedway member or that Hardhat opposed the loan, may have been instrumental in Jurbala ultimately obtaining the loan. In other words, the Court believes Silver State might have declined to lend to Speedway if it knew of Hardhat's objections. Given Jurbala's failure to provide this information to Silver State, the Court finds Hardhat's lawsuit, although ultimately without merit, was not baseless or brought in bad faith.

The Court also notes that before this case was removed to federal court, the state court entered a preliminary injunction against Jurbala preventing him taking action to impair or dilute Hardhat's 40% interest in Speedway. In so doing, the court stated:

> [t]here is a substantial likelihood that Plaintiff will prevail on the claims asserted in this action as it appears to the Court that Defendants Alabruj and Jurbala may have engaged in impermissible self dealing and/or other misconduct by voting to approve a $24,000,000 loan from Silver State Bank to Speedway II from which Defendants Alabruj and Jurbala diverted at least $11,169,000 in loan proceeds to pay personal debts owed to Silver State Bank. (Dkt. #9 Ex. 1, at 3.)

The state court's initial conclusion that it was substantially likely that Hardhat would succeed on its claims further supports the Court's finding in this matter. Accordingly, for the reasons discussed above, the Court concludes Hardhat did not bring its claims in bad faith. Defendants are therefore not entitled to recover attorney's fees in this case.

## CONCLUSION

Accordingly and good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Attorney's Fees (#50) is DENIED.

Dated: April 9, 2010.

_____
ROGER L. HUNT
Chief United States District Judge